NOT RECOMMENDED FOR PUBLICATION
File Name: 20a0084n.06

Nos. 18-6111/6112/6113/6115

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

GINNY HUMPHREY, as parent and legal guardian of minor child, O.H.; ANGEL GIBSON, as parent and legal guardian of minor child, B.W.; DEBBIE ALLARD, as parent and legal guardian of minor child, B.S.; BARRY MARTINDELL, as parent and legal guardian of minor children, A.M. and C.M.,

       Plaintiffs-Appellants,

       v.

RICKIE FRIAR, individually and in his official capacity, et al.,

       Defendants,


CHIEFS RAY DOUGLAS, RITA STANBACK AND FRANK TENNANT, individually and in official capacity as Chiefs of the Millington Police Department; MAYORS RICHARD HODGES, LINDA L. CARTER AND TERRY JONES, individually and in official capacity as Mayors of the City of Millington; CITY OF MILLINGTON, TENNESSEE,

       Defendants-Appellees.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

**FILED**
Feb 04, 2020
DEBORAH S. HUNT, Clerk

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF TENNESSEE

---

Before: KETHLEDGE, BUSH, and NALBANDIAN, Circuit Judges.

KETHLEDGE, Circuit Judge. A reserve officer for the Millington Police Department sexually abused several children. The parents of four of his victims brought suit under 42 U.S.C. § 1983 against the City of Millington, three of its chiefs of police, and three of its mayors. The district court dismissed the parents' complaint for failure to state a claim. This appeal followed.

With one exception, we affirm for substantially the reasons stated by the district court in its notably careful and thorough opinion. The exception is that we respectfully disagree with the court's dismissal of the claims for supervisory liability against Chiefs Stanback and Tennant. Specifically, both chiefs allegedly received the following reports: a report from O.H.'s stepmother that she thought, based on Friar's interaction with her daughter, that Friar was a pedophile; a report from the parent of a YMCA employee, alleging that Friar had photographed children in their bathing suits at the pool; and especially the repeated reports from a reserve officer who allegedly told Stanback and Tennant that Friar had been fired by another department for "sexual misconduct with young girls" and that the officer himself had observed Friar engage in "improper conduct towards young female children while on-duty." These reports plausibly gave Stanback and Tennant reason to know that Friar was likely to abuse young children if given the chance. And the chiefs' alleged failure to take any action whatsoever in response to these repeated reports, while retaining Friar as a reserve officer, plausibly amounted to deliberate indifference to or acquiescence in the abuse that followed. *See, e.g.*, *Doe v. City of Roseville*, 296 F.3d 431, 439 (6th Cir. 2002). We further think that the relevant law made sufficiently clear, for purposes of denying qualified immunity at this stage of the case, that the actions and omissions of these two defendants violated the plaintiffs' constitutional rights as alleged in the claims of supervisory liability. *See, e.g.*, *Peatross v. City of Memphis*, 818 F.3d 233, 243 (6th Cir. 2016); *Howard v. Knox County*, 695 F. App'x 107, 116 (6th Cir. 2017).

The district court's judgment is affirmed, except we reverse the district court's dismissal of the claims against Stanback and Tennant for supervisory liability; and we remand the case to the district court for further proceedings consistent with this opinion.